UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MEEKS,

    Plaintiff,

v.

    Case No. 2:05-cv-193
    HON. RICHARD ALAN ENSLEN

FABIAN LAVIGNE, et al.,

    Defendant(s).

_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Meeks, an inmate at the Bellamy Creek Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Chippewa Correctional Facility former Warden Fabian Lavigne, current Warden Jeri-Ann Sherry, ARUM M. Mather, ADW D. Danley, mail room employee John Doe, United States Post Master Daniel Windsor and United States Post Office mail carrier John Doe.

Plaintiff alleges in his complaint that he handed a delayed application for leave to appeal and a disbursement for the Michigan Court of Appeals in two yellow envelopes to defendant ARUM M. Mather. Plaintiff states that he addressed the letters to the Third Circuit Court of Appeals Division. Plaintiff learned on September 28, 2004, that he did not have anything filed before the Michigan Court of Appeals. Plaintiff wrote to the Gaylord Post Office. The post office informed plaintiff that they could not determine if the specific item of mail was ever received or sent through the post office. Plaintiff has asserted a violation of his First and Fourteenth Amendment rights.

Presently before the Court are defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading,

requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In addition, plaintiff has filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The

nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In the opinion of the undersigned, defendant Windsor is entitled to dismissal from this action. Defendant Windsor is employed by the United States Post Office. Plaintiff also named as a defendant a John Doe mail carrier. Plaintiff cannot sue these defendants under 42 U.S.C. § 1983, because they could not have acted under color of law. The purpose of Section 1983 is to provide a remedy for the deprivation of federal rights by a state official's abuse of his position while acting under color of state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Moreover, plaintiff has failed to show that the federal defendants were personally involved in the alleged deprivation. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459

U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Further, plaintiff has no claim under the Federal Tort Claims Act 28 U.S.C. § 2680 and he did not exhaust his administrative remedies under the Act.  Most importantly, plaintiff has not asserted any facts which could possibly show that defendant Windsor or the John Doe mail carrier took any action that could have harmed plaintiff in anyway.  In the opinion of the undersigned, defendant Windsor's motion to dismiss should be granted.

The remaining defendants argue that this case should be dismissed under the total exhaustion rule as set forth by the Sixth Circuit in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).  Plaintiff failed to file a grievance against defendant Sherry.  As a result defendants argue that the entire case must be dismissed under the total exhaustion rule.  However, another panel of the Sixth Circuit has more recently held that *Jones-Bey* was improperly decided.  In *Spencer v. Bouchard*, ___ F.3d ___, 2006 WL 1528876 (6th Cir., June 6, 2006), the court held that the "partial exhaustion rule" is the law of this Circuit requiring the dismissal of only those claims that are unexhausted and allowing the case to proceed on the exhausted claims.  Since the Sixth Circuit is unable to affirmatively decide this issue, the safest course is to follow this newly established "partial exhaustion rule," until the Supreme Court hopefully resolves this issue later this term in *Williams v. Overton*, 126 S.Ct 1463; *Jones v. Bock*, 125 S.Ct. 1462 (2006).  However, contrary to defendants' claims, one of the grievances attached to the complaint does in fact name Jerri-Ann Sherry at Step I.  Accordingly, defendants' motion should be denied.

Plaintiff has filed a motion for summary judgment arguing that he is entitled to judgment because defendants delayed his ability to file a claim and to access to the courts.  Plaintiff

has failed to show a lack of genuine issue of fact on his access to the courts claims. Plaintiff's motion should be denied.

Accordingly, it is recommended that defendant Windsor's motion to dismiss (Docket #38) be granted, dismissing defendant Windsor and defendant John Doe mail carrier. It is further recommended that defendant Sherry's and defendant Danley's motion to dismiss (Docket #25) be denied. Finally, it is recommended that plaintiff's motion for summary judgment (Docket #35) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   June 15, 2006