UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTHONY MEEKS,

    *Plaintiff*,

v.                                             Case No. 2:05-cv-193
                                              HON. R. ALLAN EDGAR

FABIAN LAVIGNE, et al.,

    *Defendants*.

_____ /


**MEMORANDUM AND ORDER**

        Plaintiff Anthony Meeks, a prisoner in the custody of the Michigan Department of Corrections, brings this *pro se* civil rights action under 42 U.S.C. § 1983. There are three motions before the Court.

        Plaintiff moves for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. No. 35]. Defendant Daniel Windsor moves to dismiss the complaint against him and any other federal defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 38].

        Defendants Jeri-Ann Sherry and D. Danley move to dismiss the entire complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(a). [Doc. No. 25]. Defendants Sherry and Danley contend that plaintiff Meeks fails to demonstrate in the complaint that he has completely exhausted

available administrative remedies against all of the defendants. Defendants Sherry and Danley assert that plaintiff has filed a "mixed" complaint containing both exhausted and unexhausted claims. In short, they contend that plaintiff Meeks did not name defendant Sherry in his prison administrative grievances. Citing *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), defendants Sherry and Danley argue that this Court should apply the total-exhaustion rule and dismiss the instant complaint in its entirety.

On June 15, 2006, Magistrate Judge Timothy P. Greeley submitted his report and recommendation. [Doc. No. 70]. The Magistrate Judge recommends the following: (1) the plaintiff's summary judgment motion be denied; (2) the Rule 12(b)(6) motion by defendant Windsor be granted and the plaintiff's complaint against defendants Windsor and John Doe mail carrier be dismissed; and (3) the Rule 12(b)(6) motion by defendants Sherry and Danley be denied.

There are objections to the report and recommendation by plaintiff Meeks [Doc. No. 76], and by defendants Sherry and Danley [Doc. No. 71]. After reviewing the record *de novo*, the Court concludes that the objections are without merit and are **DENIED**. The Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).

The plaintiff's motion for summary judgment [Doc. No. 35] must be denied under Fed. R. Civ. P. 56 because there are genuine issues of material fact in dispute. Plaintiff has not met his burden of showing that there are no genuine issues of material fact in dispute.

The plaintiff's complaint against defendants Daniel Windsor and John Doe mail carrier must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff Meeks brings this complaint under 42 U.S.C. § 1983. To make

out a viable claim cognizable under 42 U.S.C. § 1983, the complaint must allege and plead that the defendants acted under color of state law. As the Magistrate Judge correctly explains in the report and recommendation, defendants Windsor and John Doe mail carrier are employees of the United States Postal Service and they are not subject to suit under 42 U.S.C. § 1983 because they were not acting under color of state law. Moreover, plaintiff has no claim against these federal defendants under the Federal Tort Claims Act, 28 U.S.C. § 2680, and plaintiff has not demonstrated that he exhausted his administrative remedies as required by the Federal Tort Claims Act. Finally, the complaint is deficient because it fails to allege and sufficiently plead that defendants Windsor and John Doe mail carrier were personally involved in and committed any intentional violation of the plaintiff's constitutional rights and took unlawful action that caused an injury to plaintiff Meeks.

The Court agrees with the Magistrate Judge that the Rule 12(b)(6) motion to dismiss by defendants Sherry and Danley must be denied. Defendants Sherry and Danley argue that this Court should apply the total-exhaustion rule from *Jones-Bey*, 407 F.3d 801, and dismiss the plaintiff's entire complaint because they contend that plaintiff Meeks did not make an administrative grievance against defendant Sherry. Defendants also rely on *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006).

This argument fails. One of the plaintiff's prison grievances attached to the complaint does in fact name defendant Sherry at Step 1 of the MDOC grievance process.

Even if we assume *arguendo* that plaintiff Meeks did not exhaust his administrative remedies against defendant Sherry, this would not result in the plaintiff's entire complaint being dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(a). In *Spencer v. Bouchard*, 449 F.3d 721, 725-26 (6th Cir. 2006), which was decided after *Rinard*, the Sixth Circuit rejected the total-exhaustion rule from *Jones-Bey*. The Sixth Circuit in *Spencer* holds that it has adopted the partial-

exhaustion rule. When a prisoner's 42 U.S.C. § 1983 complaint contains both exhausted and unexhausted claims, then the unexhausted claims should be dismissed while the exhausted claims are allowed to proceed. The Sixth Circuit has subsequently reaffirmed its holding in *Spencer* and the partial-exhaustion rule in at two recent cases. *Owens v. Keeling*, 461 F.3d 763, 768 (6th Cir. 2006); *Bell v. Konteh*, 450 F.3d 651, 654-55 (6th Cir. 2006).

In sum, the *Spencer* partial-exhaustion rule is currently the controlling law in the Sixth Circuit, and this District Court is bound to follow and apply it. *See e.g. Copenhaver v. Hammer*, 2006 WL 2700796 (W.D. Mich. Sept. 19, 2006); *Anthony v. Bauman*, 2006 WL 2548617 (W.D. Mich. Sept. 1, 2006); *Fitzpatrick v. Williams*, 2006 WL 2528446 (W.D. Mich. Aug. 31, 2006); *Garner v. Napel*, 2006 WL 2457449 (W.D. Mich. Aug. 23, 2006); *Hardy v. Cabrera*, 2006 WL 2456079 (W.D. Mich. Aug. 22, 2006); *Cooper v. Edlund*, 2006 WL 2086008 (W.D. Mich. July 25, 2006); *Garner v. Napel*, 2006 WL 2457449 (W.D. Mich. Aug. 23, 2006); *Porter v. Caruso*, 431 F. Supp.2d 768 (W.D. Mich. 2006).

The question whether to apply the total-exhaustion rule or the partial-exhaustion rule in prisoner cases has been the subject of considerable debate in the federal courts. This particular question may soon be decided by the United States Supreme Court in two consolidated cases where petitions for *certiorari* have been granted. *Jones v. Bock*, 126 S.Ct. 1462 (2006) (Docket No. 05-7058); and *Williams v. Overton*, 126 S.Ct. 1463 (Docket No. 05-7142). However, at this juncture this District Court must follow and apply the current *Spencer* partial-exhaustion rule until such time as *Spencer* may be reversed or overruled by either the United States Supreme Court or the Court of Appeals for Sixth Circuit.

Accordingly, the plaintiff's motion for summary judgment [Doc. No. 35] is **DENIED**. The

motion by defendant Daniel Windsor [Doc. No. 38] is **GRANTED**.  The plaintiff's complaint against defendants Windsor and John Doe mail carrier is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).  The Rule 12(b)(6) motion to dismiss by defendants Sherry and Danley [Doc. No. 25] is **DENIED**.

    SO ORDERED.

    Dated: October   19, 2006.

                                      */s/    R. Allan Edgar*
                                        R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE