UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTHONY MEEKS,

        Plaintiff,

                                    Case No. 2:05-cv-193

v.                                    HON. R. ALLAN EDGAR

FABIAN LAVIGNE, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

      Plaintiff Anthony Meeks, an inmate at the Bellamy Creek Correctional Facility, filed

this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Chippewa Correctional

Facility former Warden Fabian Lavigne, current Warden Jeri-Ann Sherry, ARUM M. Mather, ADW

D. Danley, mail room employee John Doe, United States Postmaster Daniel Windsor and United

States Post Office mail carrier John Doe.

      Plaintiff alleges in his complaint that he handed a delayed application for leave to

appeal and a disbursement for the Michigan Court of Appeals in two yellow envelopes to defendant

ARUM M. Mather.  Plaintiff attempted to file an appeal of the denial of a motion for relief from

judgment under MCR 6.500.  A motion under MCR 6.500 is not a direct appeal from a conviction,

but rather is available for post appeal relief.  Plaintiff states that he addressed the letters to the Third

Circuit Court of Appeals Division.  Plaintiff learned on September 28, 2004, that he did not have

anything filed before the Michigan Court of Appeals.  Plaintiff wrote to the Gaylord Post Office.

The post office informed plaintiff that they could not determine if the specific item of mail was ever

received or sent through the post office.  Plaintiff has asserted a violation of his First and Fourteenth Amendment rights.  I issued a Report and Recommendation on June 15, 2006, recommending the dismissal of defendant Windsor and defendant John Doe.  I recommended denying defendants Sherry's and Danley's motion to dismiss.

Defendant Sherry and defendant Danley have filed a motion for summary judgment (Docket #72).  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Sherry is the Warden at Chippewa Correctional Facility.  Defendant Danley was a supervisor at the prison.  Plaintiff has asserted in his complaint that defendant Sherry had "constructive knowledge to investigate prisoner Policy and Constitutional Rights."  Further plaintiff alleged that "[t]he warden primary function is to see that every one on his staff treat prisoner according to M.D.O.C. Policy and Procedure and every complaint be deal with no prejudice or discrimination."  Plaintiff asserted that defendant Danley "enjoyed actual an constructive knowledge of prisoner Policy and Constitutional Rights."

It is apparent that plaintiff has named defendants Sherry and Danley solely because they have supervisory authority at the prison.  Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior. Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and

that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).  Plaintiff has not alleged facts establishing that defendants Sherry or Danley were personally involved in the activity which forms the basis of his claim.

In addition defendant Sherry and Danley assert that plaintiff cannot support a First Amendment access to the courts claim because plaintiff cannot show actual injury.  In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury."

*Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir.

1999).  The Supreme Court has strictly limited the types of cases for which there may be an actual

injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  The Sixth Circuit relying on *Lewis* stated "[t]hus, a prisoner's right to access

the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."

*Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action

must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182

F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-

frivolous).  The Supreme Court in *Lewis* clearly stated that prisoners must have the right to attack

their sentences both directly and collaterally.  A motion under MCR 6.500 is a collateral attack of

a sentence.  Clearly, plaintiff cannot be denied access to the courts to collaterally attack his

conviction.  However, plaintiff's complaint does not set forth a basis for liability on the part of

defendants Sherry and Danley on a claim for denial of access to the courts.

Accordingly, it is recommended that defendants Sherry's and Danley's motion for

summary judgment (Docket #72) be granted dismissing them from this case.[1]

---

[1]If the court adopts this recommendation and my recommendation dated June 15, 2006, the only remaining defendants in this action would be the recently served John Doe defendants (Docket # 85).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley                                 
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 26, 2006

- 6 -